NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YORK INTERNATIONAL CORPORATION, IMECO, LLC and JOHNSON CONTROLS, INC., | **OPINION** |
| Plaintiffs, | Civ. No. 09-3546 (WHW) |
| v. | |
| YORK HVAC SYSTEMS CORP. and RICK AGOLI, | |
| Defendant. | |

**Walls, Senior District Judge**

Plaintiffs, York International Corporation, IMECO, LLC and Johnson Controls, Inc., move for default judgment, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, against Defendants York HVAC Systems Corp. and Rick Agoli. Defendants have not answered nor responded to Plaintiffs' motion for default judgment. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiffs are business entities that manufacture, sell, and provide services relating to heating, ventilating, air conditioning, and refrigeration ("HVAC") equipment. They own and use the trademark "YORK" in connection with those services and own multiple United States Patent and Trademark Office registrations for trademarks containing variants of the YORK trade

1

**NOT FOR PUBLICATION**

name. (Compl. ¶ 8 and Ex. A. thereto.) Plaintiffs allege that Defendants "use the trade name YORK HVAC Corp. in association with the servicing of HVAC systems, without express or implied permission from Plaintiffs." (Compl. ¶ 9.) Plaintiffs claim that Defendants have violated Sections 32(1) and 43(a) of the Latham Act, the New Jersey Consumer Fraud Act, and New Jersey common law unfair competition laws.

Plaintiffs filed their Complaint against Defendants on July 17, 2009. They personally served the Complaint on November 4, 2009. (Dkt Nos. 6, 7.) Defendants have neither answered nor appeared in this action to date. The Clerk of the Court entered default against Defendants on December 1, 2009.

Plaintiffs now move for entry of default judgment against Defendants. They assert that Defendants' unlawful use of their trade name "will cause continuing damage to their goodwill" and "will continue unless and until it is enjoined by this Court." (Pl. Br. at 3.) Plaintiffs ask the Court to issue a permanent injunction prohibiting Defendants from engaging in any further infringement of the YORK marks. (Dkt. No. 11-1, Proposed Order of Default Judgment ("Proposed Order").) They also ask the Court to order Defendants to provide an accounting of sales of all goods sold and services rendered under the York marks, and to award them reasonable costs. (Proposed Order.)

**STANDARD OF REVIEW**

Fed. R. Civ. P. 55(b)(2) governs a court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. <u>See</u>

**NOT FOR PUBLICATION**

Local Union No. 98, Int'l Bd. Of Elec. Workers v. Cableco, Inc., No. 99-755, 1999 WL 269903, at *1 (E.D. Pa. Apr. 28, 1999).

Parties seeking default judgment are not entitled to such relief as a matter of right, even where the defendant was served with process and default has been noted pursuant to Fed. R. Civ. P. 55(a).  See, e.g., Cableco, 1999 WL 269903 at *1 (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995)).  Before granting a default judgment, a court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Wright, et al., Federal Practice & Procedure § 2688 (3d ed. 1998)).  The Court then uses its discretion to decide whether to issue a default judgment and looks at "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Courts should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Wright, et al., Federal Practice & Procedure § 2688 (2d ed. 1983)).  A court must "conduct its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'"  Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs., No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007) (quoting In re Indus. Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

NOT FOR PUBLICATION

## DISCUSSION

### I.   Jurisdiction and Entry of Default

The Court has personal jurisdiction over defendants because defendant York HVAC Systems Corp. is a New Jersey corporation and defendant Agnoli is a New Jersey resident. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), 1367(a), and 15 U.S.C. § 1121.

Valid service of process and entry of default by the Clerk is a prerequisite to a default judgment motion. See Fed. R. Civ. P. 55(a). Process was served on November 4, 2009. (Dkt Nos. 6, 7.) The Clerk entered default against defendants on December 1, 2009.

### II.   Whether Plaintiffs Have Stated Viable Causes of Action

Plaintiffs' allegations are factually and legally sufficient to support its trademark infringement and unfair competition claims. To succeed on a claim of trademark infringement under the Lanham Act, a plaintiff must prove that "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." E.T. Browne Drug Co. v. Cococare Prods, 538 F.3d 185, 191 (3d. 2008). This same standard applies to Plaintiffs' state law unfair competition claims. See Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F. Supp. 2d 552, 560-61 (D.N.J. 2002) ("Section 56:4-1 of the N.J.S.A. is the statutory equivalent of section 43(a)(1) of the Lanham Act").

A certificate of registration issued by the United States Patent and Trademark Office constitutes prima facie evidence of the validity and ownership of a disputed mark. 15

4

NOT FOR PUBLICATION

U.S.C. §§ 1057(b), 1115(a). Here, Plaintiffs state that they have "continuously used the trademark YORK in association" with certain products and services, and they have attached copies of the trademark registrations over which they assert ownership. (Ex. A to Compl.) Plaintiffs have satisfied the first and second elements of their trademark infringement and unfair competition claims.

As to the third element, a "likelihood of confusion" exists where "consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 292 (3d Cir. 1991). Courts assess a variety of non-exhaustive factors to determine if two similar marks are likely to cause confusion, including "(1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the target of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of the consumers because of the similarity of function; and (10) other factors suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market." Freedom Card, Inc. v. JP Morgan Chase & Co., 432 F.3d 463, 471 (3d Cir. 2005) (quoting

**NOT FOR PUBLICATION**

Interpace Corp. v. Lapp, Inc., 721 F.2d 460, 463 (3d Cir. 1983)). The Third Circuit has instructed district courts to "utilize the factors that seems appropriate to a given situation." A&H Sportsware, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 215 (3d Cir. 2000).

In this action, Plaintiffs allege that Defendants have used the trade name YORK HVAC Corp. without Plaintiffs' permission. (Compl ¶ 11.) This allegation is taken as true for the purpose of deciding Plaintiff's motion for default judgment. See Comdyne, 908 F.2d at 1149. The Court finds that the "YORK HVAC Corp" trade name used by Defendants in association with the servicing of HVAC systems is sufficiently similar to the YORK trademarks registered by Plaintiffs – and used in association with their selling and servicing of HVAC equipment – that a likelihood of confusion exists. The third element of a trademark infringement and unfair competition claim is satisfied here. Plaintiffs have stated a claim that Defendants unlawfully infringed on their registered trademark in violation of the Latham Act and New Jersey unfair competition laws.

**III.   Whether Plaintiff is Entitled to Default Judgement**

The Court must determine whether to issue a default judgment and looks at (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Here, these factors support the issuance of a default judgment. First, Plaintiffs will be prejudiced if default judgment is not granted and Defendants continue offering business services under a trade name that customers are likely to confuse Plaintiffs' trade name. This is

6

**NOT FOR PUBLICATION**

particularly so because Plaintiffs and Defendants both sell and service HVAC equipment. Moreover, Defendants do not appear to have any meritorious defenses. Plaintiffs have presented prima facie evidence that they own multiple YORK trademarks and Defendants have not challenged the allegation that they used a similar trademark likely to confuse customers. See Platypus Wear, Inc. v. Bad Boy Club, Inc., No. 08-2662, 2009 U.S. Dist. LEXIS 60637, at *15 (D.N.J. July 15, 2009) ("Because it is unrefuted that the trademarks are registered and owned by plaintiff, the Court finds that had defendants presented in this action, they most likely would not have provided a meritorious defense."). Lastly, Defendant's delay is the result of their culpable conduct because they have neither responded to the Complaint nor to this motion. See Platypus, 2009 U.S. Dist. LEXIS 60637, at *15 ("Plaintiff presented exhibits establishing that it properly served defendants. There is nothing before the Court to suggest that defendants' failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and willful negligence.").

The Court grants default judgment to Plaintiffs.

IV.    **Remedies**

    A.    **Injunction**

Plaintiffs seek an injunction "prohibiting Defendants from engaging in further infringement of the York marks." (Br. at 8.) Permanent injunctive relief to prevent or restrain trademark infringement is authorized under the Lanham Act. See 17 U.S.C. § 502(a) (stating that a court may issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark

**NOT FOR PUBLICATION**

registered in the Patent and Trademark Office or to prevent a violation" under Section 43(a).  15 U.S.C. § 1116(a).  Before a court issues an injunction, a party must establish that (1) it is likely to prevail on the merits; (2) it will suffer irreparable injury absent an injunction; (3) granting injunctive relief will not result in even greater harm to the other party; and (4) the public interest supports granting injunctive relief.  Gucci America, Inc. v. Daffy's Inc., 354 F.3d 228, 236-37 (3d Cir. 2003).

   The Court finds that these factors all support the issuance of a permanent injunction.  As discussed, Plaintiffs have stated a cause of action for trademark infringement and are likely to prevail on the merits.  They will suffer irreparable injury absent an injunction because, without this remedy, Defendants are likely to continue their unlawful use of the YORK HVAC CORP trade name.  See S&R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 378 (3d Cir. 1992) ("[T]rademark infringement amounts to irreparable injury as a matter of law.").  Granting injunctive relief will not result in greater harm to Defendants because, although they may suffer "some economic losses" if unable to use the disputed mark, they "can hardly claim to be harmed, since [they] brought any and all difficulties occasioned by the issuance of an injunction upon [themselves]."  Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 197 (3d Cir. 1990).  And the public interest supports the issuance of an injunction because, "having already established that there is a likelihood of confusion created by" Defendants' use of the YORK marks, "it follows that if such use continues, the public interest would be damaged." Opticians, 920 F.2d at 198.

   The Court grants plaintiffs the requested injunctive relief.

8

NOT FOR PUBLICATION

### B. Recovery of Lost Profits and Costs

Plaintiffs request that the Court order Defendants "to provide an accounting of all goods and services rendered under the York Marks" and to grant an award of costs. (Proposed Order.)

When a willful violation is found under Section 43(a) or (d) of the Lanham Act, a plaintiff is entitled "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Here, Plaintiffs are entitled to receive an accounting of the goods and services that Defendants rendered under the York Marks. Plaintiffs are also entitled to recover the costs of this action. Plaintiffs should provide the Court with a certification of their costs. The Court will then decide whether those costs are reasonable.

## CONCLUSION

The Court grants Plaintiffs' motion for default judgment. Judgment is entered against Defendant and the Plaintiffs' requested injunctive relief is granted. Defendants are required to provide an accounting of goods and services rendered under the York Marks. Plaintiffs are required to provide the Court with a certification detailing their costs incurred in this action..

April 14, 2010                                                     s/William H. Walls
                                                                   United States Senior District Judge